IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

M.H. and C.F.G.H.                                                                                       PLAINTIFFS

v.                                        CASE NO. 4:24-cv-00167-LPR

PULASKI COUNTY SPECIAL SCHOOL DISTRICT                              DEFENDANT

## ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendant, Pulaski County Special School District ("District"), by its attorneys, Bequette, Billingsley & Kees, P.A., for its Answer to Plaintiffs' Complaint (ECF Doc. 1) and Counterclaim, alleges and states:

1. The District admits that Plaintiffs are the parents of D.G.H. as set forth in paragraph 1 of the Complaint.

2. The District admits the allegations set forth in paragraphs 2, 3, and 4 of the Complaint.

3. The District admits the existence of the administrative proceedings and law referred to in paragraph 5 of the Complaint, which speak for themselves. The District otherwise denies the remaining allegations set forth in paragraph 5.

4. The District admits the allegations set forth in paragraphs 6 and 7 of the Complaint.

5. The District admits the existence of the administrative proceedings and law referred to in paragraph 8 of the Complaint, which speak for themselves. The District otherwise denies the remaining allegations set forth in paragraph 8.

6. The District admits the allegations set forth in paragraphs 9 and 10 of the Complaint.

7.	The District admits the existence of the documents, laws and legal authority referred to in paragraphs 11, 12, 13, 14, 15 and 16 of the Complaint, which speak for themselves. The District otherwise denies the remaining allegations set forth in paragraphs 11, 12, 13, 14, 15 and 16.

8.	The District admits the allegations set forth in paragraph 17 of the Complaint.

9.	The District admits the existence of the laws referred to in paragraphs 18 and 19 of the Complaint, which speak for themselves.  The District otherwise denies the remaining allegations set forth in paragraphs 18 and 19.

10.	The District denies all allegations in Plaintiffs' Complaint that are not specifically admitted herein.

11.	The District reserves the right to amend its answer and plead further.

## AFFIRMATIVE DEFENSES

12.	The District affirmatively states that the Complaint is barred by principles of statutory and governmental immunity.

13.	The District affirmatively pleads Plaintiffs have not taken appropriate steps to mitigate any alleged damage and therefore are not entitled to damages.

14.	The District affirmatively pleads all defenses available to them pursuant to Fed. R. Civ. P. 12(b).

15.	The District affirmatively states Plaintiffs' claims for equitable relief are barred as a matter of law.

16.	The District affirmatively pleads all actions taken by them with regard to Plaintiffs were in good faith.

17.	The District asserts they acted reasonably and in compliance with law at all times relevant hereto.

18. The District affirmatively pleads as a defense the applicable statute of limitations.

19. The District affirmatively states that any claims for equitable relief are barred as a matter of law.

20. The District affirmatively states that all actions taken by them were in good faith.

21. The District asserts that it acted reasonably and in compliance with the law at all times relevant hereto.

22. The District affirmatively states that the remedies sought in the Complaint are barred by the principle of estoppel.

23. The District affirmatively states that any alleged violations of law attributed to any employee of the District were committed, if at all, outside the scope of that employee's employment with the District.

24. The District affirmatively states that it did not authorize any unlawful acts set forth in the Complaint.

25. All claims asserted in the Complaint are barred because the District did not engage in any unlawful conduct, and no act or omission of the District caused any injury, including any injury alleged in the Complaint.

26. The Complaint fails to allege a basis for the relief claimed, including without limitation, any claims for statutory damages and attorneys' fees.

27. The District states affirmatively that any alleged violations of Section 504 of the Rehabilitation Act of 1973 are non-justiciable claims under the IDEA and such claims should be dismissed from this proceeding.

28. The District affirmatively states that it has complied with the IDEA and the regulations implementing the IDEA as set forth by the Arkansas Department of Education.

WHEREFORE, Defendant, Pulaski County Special School District, prays that Plaintiffs' Complaint be dismissed and that they take nothing thereby; for the District's attorneys' fees and costs incurred herein; and for all other appropriate relief to which the District may be entitled.

## COUNTERCLAIM

29. Defendant/Counter-Plaintiff, Pulaski County Special School District ("District"), by its attorneys, Bequette, Billingsley & Kees, P.A., for its Counterclaim against Plaintiffs, alleges and states:

30. The District previously filed an appeal of the hearing officer's order at issue in this litigation, which is attached hereto as Exhibit A. While IDEA is a federal statute, it grants a state court of competent jurisdiction the jurisdiction to hear the appeal. *See* 20 U.S.C. § 1415(i)(2). Accordingly, the District's appeal was timely and is incorporated herein by reference.

## FACTUAL BACKGROUND

31. On or about May 16, 2023, Parents filed their original Due Process Complaint ("DPC") with the Arkansas Department of Education ("ADE"). In the DPC, Parents alleged that their minor son, D.H-G. ("Student"), at the time a second-grade student in the District, had been diagnosed with disabilities that qualified him for special education pursuant to the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.* Parents complained that the District had violated the IDEA and requested an administrative hearing pursuant to the IDEA with the ADE. The due process hearing was conducted by the hearing officer on June 28-30, 2023, and July 24 and 26, 2023.

32. Following the submission of post-hearing briefs from the parties, the hearing officer issued a decision on August 30, 2023. The Final Decision and Order ("Final Decision") largely found in favor of the Parents.

33. Specifically, the erroneous findings of fact and conclusions of law in the Final Decision include, but are not limited to, the following:

    (a) The Final Decision erroneously found that the District did not fulfill its child find obligations with regard to Student, thus procedurally violating IDEA;

    (b) The Final Decision erroneously found that the District failed to provide the Student a free appropriate public education ("FAPE") and held that the District failed to properly evaluate Student and properly consider him for special education programming and related services between August 17, 2022 and March 16, 2023, resulting in a substantive denial of FAPE; and

    (c) The Final Decision erroneously ordered the District to implement numerous remedies, including but not limited to, conducting several comprehensive evaluations of Student, including a functional behavior assessment by a behavior specialist or BCBA agreeable to the Parents, and requiring the District to meet with the Parents to discuss the evaluation results and determine whether Student is a student with a disability in need of special education services under IDEA.

**CLAIM FOR RELIEF PURSUANT TO THE IDEA**

34. The District restates and realleges each of the allegations set forth herein word for word.

35. The District is a "party aggrieved" by the findings and decision of the hearing officer in the due process hearing, in that the decision of the hearing officer erroneously found, in part, that the District had violated the IDEA and relevant federal or state regulations promulgated thereunder in connection with the educational services provided by the District to the Student. The evidence presented at the due process hearing did not fairly and rationally support the hearing officer's findings against the District, and the hearing officer's decisions in favor of Defendants

were contrary to the evidence. The evidence showed that (a) the District complied with the procedures set forth in the IDEA and pertinent federal and state regulations, and (b) the educational plan and services provided by the District were reasonably calculated to enable the Student to receive educational benefits.

WHEREFORE, Counter-Plaintiff, Pulaski County Special School District, respectfully requests that this Court enter judgment in favor of the District and against Counter-Defendants by reversing the decision of the hearing officer on all claims in which the hearing officer ruled in favor of Counter-Defendants; for the District's attorneys' fees and costs incurred herein; and for all other relief to which the Pulaski County Special School District may be entitled.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com
Email: pbrick@bbpalaw.com

By: __**Cody Kees**_____
     Jay Bequette, Ark. Bar No. 87012
     W. Cody Kees, Ark. Bar No. 2012118
     Phillip M. Brick, Jr., Ark. Bar No. 2009116

*Attorneys for Defendant/Counter-Plaintiff,*
*Pulaski County Special School District*