```
 1                  IN THE UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF ARKANSAS
 2                           CENTRAL DIVISION

 3    M.H. and C.F.G.H,
                                            No. 4:24CV167-LPR
 4                 Plaintiffs,

 5    v.
                                            April 16, 2025
 6                                          Little Rock, Arkansas
      PULASKI COUNTY SPECIAL SCHOOL
 7    DISTRICT,

 8                 Defendant.

 9
                 PARTIAL TRANSCRIPT OF THE COURT'S RULING
10                BEFORE THE HONORABLE LEE P. RUDOFSKY,
                       UNITED STATES DISTRICT JUDGE
11

12   APPEARANCES:

13   On Behalf of the Plaintiff:

14         MS. THERESA LYNN CALDWELL, Attorney At Law
           MR. JOHN FENDLEY, JR., Atty At Law, via teleconference
15            Caldwell Law Office
              14 Alban Lane
16            Little Rock, Arkansas  72223

17
     On Behalf of the Defendant:
18
           MR. WILLIAM CODY KEES
19            Bequette, Billingsly & Kees, P.A.
              425 West Capitol Avenue, Suite 3200
20            Little Rock, Arkansas  72201

21

22

23

24
         Proceedings reported by machine stenography.  Transcript
25   prepared utilizing computer-aided transcription.
```

Lorie Kennedy, RMR, CRR, CRC, United States Court Reporter
lorie_kennedy@ared.uscourts.gov (501)604-5165

1        (Partial transcript: Court's ruling.)
2               THE COURT:  Okay.  So let me tell you what I am going
3   to do now:
4        For reasons that I will get into in a moment, I do believe
5   that this case is moot, and I do not believe it falls within any
6   exception to mootness, the one really being at issue here,
7   capable of repetition, yet evading review.  And so really on the
8   substance, I think were I to issue an opinion, meaning on the
9   merits, it would simply be an advisory opinion, and I can't do
10  that for obvious constitutional reasons.
11       I understand that both parties would like a written opinion
12  on this, or would rather a written opinion on this, but to be
13  honest, I think that reading between the lines, a lot of what
14  you all want is an opinion that goes deeper overall into the
15  issue of mootness generally in IDEA case, and quite frankly, I
16  think doing that in this situation would almost be just as much
17  of an adversary opinion.
18       I understand you all sort of want guidance on that, and I
19  totally get why from a practitioner's point of view you want
20  guidance on that.  But were I to go back and write an opinion,
21  really the contours of it would be I'm not going to decide the
22  harder mootness issues here or the harder exception issues here
23  because this is, in my view, a fairly unique case that takes it
24  out of the heartland of IDEA cases.
25       So I don't think you all would end up with what you want in

1  terms of guidance on mootness anyway, and given that, judicial
2  efficiency, quite frankly, screams out for me to rule from the
3  bench today, both to get you all a decision and sort of move
4  this case along one way or the other.  Although, I think I've
5  told you my bottom line, so you know which way it's moving, but
6  also additionally because I need to keep the trains running on
7  time in both this case and other cases, and one way that I have
8  figured out to do that is determine which cases require a real
9  meaty written opinion and which cases can be resolved orally
10 from the bench so I can sort of move my focus to the other
11 400-odd cases on the docket.
12      I think in this situation, balancing all of the factors,
13 the right thing to do is issue a ruling from the bench, so that
14 is what I am going to do.  The judicial power only extends to
15 litigation which presents an actual case or controversy.  If the
16 issues presented in a case are no longer live and a federal
17 court can no longer grant effective relief, the case is
18 considered moot because an actual case or controversy no longer
19 exists; that's really black letter Article III law.  It's also
20 from the Eighth Circuit in *Haden v. Pelofsky*, H-a-d-e-n, v,
21 P-e-l-o-f-s-k-y, 212 F.3d at 469.
22      Here, the district, meaning the school district, has
23 already effectuated the relief ordered by the hearing officer.
24 Obviously I can't order the parties un-evaluate the student.  I
25 can't grant the district relief from having to convene an IEP

1    meeting that already happened, and I can't evaluate the
2    appropriateness of the student's current IEP or even the
3    declaration of the student's eligibility for special education
4    services; I will note sort of under the autism category as
5    opposed to even the ADHD issues that were sort of central to the
6    current case.  And the reason I can't do that is neither of
7    those things were at issue in the underlying administrative
8    order; meaning, the appropriateness of the current IEP or the
9    declaration of the student's eligibility for special education
10   services.
11        Simply put, there is no form of relief this Court could
12   craft that would alter the current legal relationship between
13   the parties before it.  So in my view, the counterclaim is moot.
14   And I want to make something very, very clear here.  I am not
15   deciding mootness for the mine-run of IDEA cases.  I think there
16   is a significant difference here, and I'm going to get into this
17   a little bit more and why it matters, but I want to say upfront
18   I think there is a significant difference here because the
19   district, meaning the IEP team -- and the district hasn't
20   contested this or hasn't fought it.  The IEP team, and
21   implicitly the district, has agreed to an IEP and has agreed
22   that the student is eligible for special education services
23   under the autism category; that in my view is the lynchpin here
24   and what takes this out of the sort of normal case for questions
25   of mootness and questions for the exception.

1    So by ruling that this case is moot and that it doesn't
2 fall within the exception, I want to make very clear that I am
3 not commenting at all on a case where the issues are about, for
4 example, the development of an IEP or a parent and school
5 districts, you know, disagreement over a particular goal in an
6 IEP.  Those are very different situations that I am not trying
7 to get at here.  Those are more the mine-run of typical cases.
8    Additionally, I'm not even trying to get at -- and my
9 ruling should not be misinterpreted to extend to a situation
10 where the district did everything that the hearing officer
11 ordered them to do here but ended up coming to a different
12 conclusion.  If the conclusion that the IEP team and implicitly
13 the district ended up coming to was that the student was not
14 eligible for an IEP, either did not have a disability or did not
15 otherwise merit, you know, special services under an IEP, that
16 is a different case than the one we have at bar, and the
17 question of mootness and/or the exceptions to mootness are
18 potentially different.
19    I want to make clear I'm not saying which way I would rule
20 in that case.  I'm just saying that those cases present very
21 different issues from this case where the district has now,
22 again, through the IEP team -- and they haven't contested it,
23 but the district has now placed this student on an IEP and said
24 they're eligible for IEP, essentially quote-unquote found the
25 student, so to speak.

1      Now, let me explain why that's important.  It's somewhat
2 important to the overall mootness discussion, but it's
3 particularly important to the exception for mootness that we're
4 all really focused on here.  In my view, this situation does not
5 fall into the capable of repetition but evading review exception
6 because there's no reasonable expectation that the Plaintiffs in
7 this case will subject the district to the same action again.
8 This is not like the bevy of IDEA cases found to fall into this
9 exception.  In those cases, the parents are typically
10 challenging something about a specific year's IEP; that type of
11 challenge is often capable of repetition because one could
12 reasonably expect a similar fight about each subsequent year's
13 IEP.  But in the circumstances here, the alleged child find
14 obligation and associated allegations will not reoccur.
15      The student has now been identified as needing special
16 education.  The student has been, as I said earlier,
17 quote-unquote found, so to speak.  I don't see how the student
18 could be unfound.  The Plaintiffs in this case might, in later
19 years, bring other disputes, other IDEA disputes concerning, for
20 example, the adequacy of IEPs for those later years, but such
21 suits are not likely to include the type of claims raised here;
22 meaning, the child find claims or associated allegations.
23      The district does argue -- and I understand this argument,
24 that this sort of child find claim can and will be brought again
25 against the district by other students and other parents; that's

1   the so-called sort of systemic argument.  I have no doubt
2   they're correct on this front, but it won't be the Plaintiffs in
3   this case bringing those future child find claims for the
4   reasons I have discussed; that it's done with respect to these
5   Plaintiffs.  And in my view, the Supreme Court has made clear in
6   cases like *Weinstein v. Bradford*, 423 U.S. at 149, there must be
7   a demonstrated probability that the same type of case will arise
8   again between the same parties, emphasis on between the same
9   parties.
10       I also understand the cases that Mr. Kees has cited to me
11  involving things like the voting rights act case, involving
12  things like labor disputes.  I will say I think nearly all of
13  those cases are distinguishable, and I'm not talking about those
14  specific cases but generally cases like this.  Nearly all of
15  those are distinguishable either because the particular
16  Plaintiffs involved can be part of the Plaintiffs who are
17  bringing the case again, or in a lot of those situations, we're
18  dealing with class actions where a group of Plaintiffs may well
19  overlap with a future group of Plaintiffs even if the named
20  Plaintiffs don't.  All in all, and even if that doesn't
21  completely satisfy those cases, I think the rest of those cases
22  are distinguishable and essentially *Weinstein v. Bradford* and
23  its cases control here.
24       Therefore, the Court doesn't have jurisdiction to hear the
25  district's counterclaim.  I guess before I go on, let me also

1  say I acknowledge and understand Mr. Kees's and therefore the
2  district's argument about attorneys' fees and arguments about
3  final orders.  I disagree with both of them.  I don't think the
4  final order versus non-final order makes a difference here with
5  respect to how I apply mootness, and as to the attorneys' fees,
6  I think the consensus of cases -- what I see is the consensus of
7  cases -- granted not the Eighth Circuit.  It hasn't really said
8  something one way or the other on this as far as I can tell.
9      The consensus of cases outside the Eighth Circuit are clear
10 in my view, especially given the relevant Supreme Court
11 precedent that Mr. Fendley discussed; that attorneys' fees on
12 their own don't make a case that would otherwise be moot in its
13 merits issues.  It doesn't sort of keep that case alive just
14 because there's an ongoing attorney fee dispute.  And I think
15 that's true whether or not the attorney fee dispute is generally
16 one that applies in a common-law case or in a different case
17 outside the IDEA context or its one that is provided as its
18 provided here by statute with recourse to the federal district
19 court.  I don't think that makes a difference.  I don't think
20 that somehow changes things.
21     I will also say as to the case that Mr. Kees cited, talking
22 about ancillary versus collateral proceedings, I don't think
23 that case is on point.  I understand the line that Mr. Kees is
24 citing to there.  I've read it.  I've looked at it closely.  I
25 think in some sense, it was a drive-by statement and a drive-by

1 line, and it was also addressing a completely different issue.
2 And I don't think it was meant to either create, and I don't
3 think it has created, a circuit split with the other circuits
4 that have been fairly clear that attorney fee issues here don't
5 save the underlying merits issues from mootness if mootness is
6 appropriate.
7      So having said all that, let me say again, the Court
8 doesn't have jurisdiction to hear the district's counterclaim
9 and that counterclaim must be dismissed with prejudice.  So the
10 district court's (sic) motion for judgment on the record is
11 denied in full, and to the extent that the Plaintiffs' cross
12 motion for judgment on the record requests that the counterclaim
13 be dismissed with prejudice, that cross motion is granted.  But
14 to be clear, that doesn't mean the Court is granting all of
15 Plaintiffs' cross motion.  Technically, Plaintiffs also request
16 that the hearing officer's decision be affirmed and that the
17 judgment on the record be -- and that judgment on the record be
18 entered in their favor.  Because the case is moot, the Court
19 can't do either of those things, so to that extent, their cross
20 motion is denied.
21      So to be clear, the Defendant's motion for judgment on the
22 record is denied in full, and the Plaintiffs' motion for
23 judgment on the record as to the counterclaim is granted in part
24 and denied in part; the denial in part really only being a
25 technical issue as far as the sort of substance and what

1  everybody cares about.  The Plaintiffs' motion is granted, and
2  the counterclaim is dismissed with prejudice.
3        Plaintiffs also request attorneys' fees and costs, but as
4  we talked about, that's their -- that's their sort of original
5  claim or initial claim, and that is not something that the
6  motion for judgment concerns, and that is left for another day.
7        Now, this is not the time for reargument, but I do want to
8  ask if everybody, A, understands my ruling, and B, wants
9  clarification or additional understanding of any particular
10 issue.  Again, this is not a reargument thing.  This is just to
11 make sure you all feel like I have covered the bases you would
12 like me to cover.  Mr. Fendley?
13        MR. FENDLEY:  Nothing, Your Honor.  I think everything
14 has been covered.  Thank you.
15        THE COURT:  Mr. Kees.
16        MR. KEES:  Nothing, Your Honor, aside from asking --
17 because I'm not familiar with this process of you doing a
18 verbal -- are we not going to get a written order to that
19 effect?
20        THE COURT:  So what is going to happen is the court
21 reporter is going to provide a partial transcript here for me to
22 place on the record, and the transcript will be simply the
23 portion of this transcript that is my order.  I will file that
24 on the record.  But if you want the remainder of the transcript,
25 you will have to go through the normal processes of ordering it

1   from the court reporter just like you would order any other
2   transcript.  Does that make sense, Mr. Kees?
3           MR. KEES:  Yes, Your Honor.
4           THE COURT:  Give me one second.  Let me talk to my
5   brain trust and make sure I haven't missed anything.
6       Couple of things.  No. 1, my trusty law clerk heard at
7   least once, if not more, that when I meant to refer to the
8   district, meaning the school district, I ended up referring to
9   the district court.  When we read this order, we should
10  understand that where it's clear, which should be almost
11  everywhere, that I am referring to the district meaning the
12  school district and not the district court, that you should read
13  it like that.  So, for example, apparently where I said the
14  district court's motion for judgment, I obviously meant the
15  district, meaning the Defendant's motion for judgment on the
16  record.  Does that all make sense to everybody?  Mr. Fendley?
17          MR. FENDLEY:  Yes, that makes sense.
18          THE COURT:  Mr. Kees?
19          MR. KEES:  Yes, Your Honor.
20          THE COURT:  Secondly, my clerk caught the fact that
21  one or more times, probably once, but maybe to be careful I'll
22  say one or more, one of the lawyers referred to the student by
23  the student's name.  I am going to -- to the extent that
24  happened, I am going to have our court reporter redact it and
25  put the name under seal.  Is everybody okay with that?

```
1    Mr. Fendley?
2              MR. FENDLEY:  Yes, Your Honor.  Thank you.
3              THE COURT:  Mr. Kees?
4              MR. KEES:  Yes, Your Honor.
5              THE COURT:  And I should say, I want to say this for
6    the record, if I or anybody else used pronouns, we do not need
7    to put that under seal because what I am going to say for the
8    record is I was not using pronouns based on what I thought the
9    sex of the student was.  I was simply using pronouns as a
10   shorthand to stand generally for the student.  So I don't even
11   know if I said he or she, or if I mixed them.  But nobody should
12   take that to suggest that the student is a he or a she.  The sex
13   or gender of the student is a nonissue here.  Is that okay with
14   you, Mr. Fendley?
15             MR. FENDLEY:  Yes, Your Honor.
16             THE COURT:  Is that okay with you, Mr. Kees?
17             MR. KEES:  Yes, Your Honor.
18             THE COURT:  Okay.  Does anybody have anything else for
19   the Court before we adjourn ourselves?  Mr. Fendley?
20             MR. FENDLEY:  No, Your Honor.
21             THE COURT:  Mr. Kees?
22             MR. KEES:  Only are you going to do a separate order
23   as to when the motion practice on the fees is going to commence?
24             THE COURT:  That's a good question.  Why don't we go
25   off the record after this and just talk to Heather and figure
```

```
 1   out how we're going to handle that.
 2         Okay.  We're adjourned.
 3         (Proceedings adjourned at 12:27 p.m.)
 4
 5                    REPORTER'S CERTIFICATE
 6      I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter.
 7
     /s/ Lorie E. Kennedy, RMR, CRR, CRC   Date: 4/21/2025
 8       United States Court Reporter
```