**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**M.H. and C.F.G.H.**                                                              **PLAINTIFFS**

**v.**                              **Case No. 4:24-cv-00167-LPR**

**PULASKI COUNTY SPECIAL**
**SCHOOL DISTRICT**                                                            **DEFENDANT**

## ORDER

This is the attorneys' fees and costs portion of a case brought under the Individuals with Disabilities Education Act (IDEA).[1]  Plaintiffs are parents of a disabled student who seek to use their prevailing-party status to receive attorneys' fees and costs in federal court.[2]  Plaintiffs seek a total of $45,264.32 in attorneys' fees and costs.[3]  More specifically, Plaintiffs request $44,503.33 in attorneys' fees and $760.99 in costs to recover the expense of litigating one Arkansas Department of Education due process hearing and the present federal case.[4]  For the reasons stated below, Plaintiffs' Motion for Attorneys' Fees and Costs is GRANTED IN PART and DENIED IN PART.  Accordingly, the Court awards Plaintiffs $27,503.50 in attorneys' fees and $760.99 in costs, for a total of $28,264.49.

### I.  BACKGROUND

Plaintiffs filed a due process complaint with the Arkansas Department of Education alleging that the Pulaski County Special School District denied their child a Free Appropriate

---

[1] *See* Compl. (Doc. 1); 20 U.S.C. §§ 1400–1487.

[2] *See generally* Compl. (Doc. 1); Pls.' Mot. for Att'y Fees and Costs (Doc. 32).

[3] *See* Pls.' Mot. for Att'y Fees and Costs (Doc. 32) at 3.

[4] *See id.* at 1–2.

Public Education (FAPE) in violation of the IDEA.[5]  That complaint was heard at a five-day administrative hearing.[6]  The hearing resulted in a decision in Plaintiffs' favor.[7]  About six months after receiving the favorable decision, Plaintiffs brought the decision to federal court seeking attorneys' fees and costs as the prevailing party in the due process hearing.[8]  Plaintiffs subsequently filed the instant Motion before the Court seeking $44,503.33 in attorneys' fees and $760.99 in costs.[9]

## II. ANALYSIS

### a. Attorneys' Fees

The IDEA permits district courts to "award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability . . . ."[10]  To calculate attorneys' fees under the IDEA, courts typically employ the lodestar method.[11]  That method requires "multiplying the number of hours reasonably expended by the reasonable hourly rates."[12]  A court performing this calculation "should exclude hours that were not reasonably

---

[5] *See* Compl. (Doc. 1) ¶ 8.

[6] *See id.* ¶ 10.  The due process hearing took place on the following days in 2023: June 28, June 29, June 30, July 24, and July 26.  *See* Ex. A (Administrative Order) to Compl. (Doc. 1) at 8.

[7] *See generally* Ex. A (Administrative Order) to Compl. (Doc. 1) at 6–33.  The Administrative Order was published on August 30, 2023.  *See id.* at 33.

[8] *See* Compl. (Doc. 1).  In addition to the Complaint (Doc. 1) and instant Motion (Doc. 32) (and associated filings), the parties also filed Cross-Motions for Judgment on the Record.  The Court heard oral argument on those motions at a hearing on April 16, 2025.  *See* Doc. 29.  Following the hearing, the Court issued an Order on April 21, 2025, denying "Defendant's motion for judgment on the record . . . in full . . . ."  Doc. 31 at 9.  The Court also dismissed Plaintiffs' counterclaim with prejudice, while granting Plaintiffs' Motion for Judgment on the Record.  *See id.* at 9–10.  Plaintiffs requested attorneys' fees and costs, but the Court determined that attorneys' fees were "not something that the motion for judgment concerns, and that [issue] is left for another day."  *Id.* at 10.  The instant Motion for Attorneys' Fees and Costs was filed two weeks later on May 5, 2025.  *See* Doc. 32.

[9] *See* Pls.' Mot. for Att'y Fees and Costs (Doc. 32) at 1–2.

[10] 20 U.S.C. § 1415(i)(3)(B)(i)(I).

[11] *See Paris Sch. Dist. v. Harter*, 894 F.3d 885, 889 (8th Cir. 2018) ("Where attorney fees are appropriate, courts typically use the 'lodestar' method for calculating a reasonable award.").

[12] *Id.* (internal quotation marks omitted) (quoting *Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 429 (8th Cir. 2017)).

expended . . . ."[13]  And in determining the hourly rates, a court uses "the ordinary rate for similar work in the community where the case has been litigated."[14]

In line with the foregoing legal framework, the Court must now determine the prevailing rates for attorneys and paralegals in Arkansas for IDEA cases.[15]  Plaintiffs contend that the following rates are reasonable in Arkansas: $350 per hour for lead attorney Theresa Caldwell, $250 per hour for co-counsel Clay Fendley, and $100 per hour for paralegal Darlene Hogancamp.[16]  The Court disagrees with all but the proposed paralegal rate.  Reasonable rates for IDEA cases in the Eastern District of Arkansas are $250 per hour for lead counsel, $200 per hour for co-counsel, and $100 per hour for a paralegal.[17]

---

[13] *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 855 (8th Cir. 2021) (internal quotation marks omitted) (quoting *Childress v. Fox Assocs., LLC*, 932 F.3d 1165, 1172 (8th Cir. 2019)).

[14] *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001)).

[15] The Court does not discuss Plaintiffs' prevailing party status because the District has not challenged that status.

[16] *See* Pls.' Br. in Supp. of Pls.' Mot. for Att'y Fees and Costs (Doc. 33) at 14–17.  The District does not dispute that $100 per hour is a reasonable rate for a paralegal in Arkansas.  The Court finds that rate to be reasonable.

[17] *See C.W. v. Greenbrier Sch. Dist.*, No. 4:21-cv-00987-BRW, at *4 (E.D. Ark. Feb. 23, 2023) (awarding Ms. Caldwell $250 per hour and Mr. Fendley $200 per hour); *Jacksonville N. Pulaski Sch. Dist. v. D.M.*, No. 4:20-cv-00256-BRW, 2021 U.S. Dist. LEXIS 256673, at *5 (same); *Johnson v. Sims*, No. 2:20-cv-139-DPM, 2020 WL 6585693, at *1 (E.D. Ark. Nov. 10, 2020) (awarding another lead attorney $250 per hour and co-counsel $200 per hour); *B.H. v. Vilonia Sch. Dist.*, No. 4:18-cv-855-DPM, 2020 U.S. Dist. LEXIS 102570, at *1 (E.D. Ark. June 9, 2020) (awarding Ms. Caldwell $250 per hour and Mr. Fendley $180 per hour); *McMinn v. Sloan-Hendrix Sch. Dist.*, No. 3:16-cv-23-DPM, 2018 U.S. Dist. LEXIS 39882, at *3 (E.D. Ark. Mar. 12, 2018) (same); *Surles v. Pocahontas Sch. Dist.*, No. 3:16-cv-183-DPM, 2017 U.S. Dist. LEXIS 155027, at *4 (E.D. Ark. Sep. 22, 2017) (same).  *See also Paris Sch. Dist*, 894 F.3d at 888–89 (affirming rates of $250 per hour for Ms. Caldwell and $200 per hour for Mr. Fendley in the Western District of Arkansas); *S.A. v. Magnet Cove Sch. Dist.*, No. 6:24-cv-6146, at *4 (W.D. Ark. June 3, 2025) (providing the same rates to Ms. Caldwell and Mr. Fendley and listing cases in support of those rates).

Despite these cases, Plaintiffs urge the Court to adopt a higher rate for Ms. Caldwell and Mr. Fendley.  *See* Pls.' Br. in Supp. of Pls.' Mot. for Att'y Fees and Costs (Doc. 33) at 14–17.  Their arguments for doing so are unavailing.  These arguments can be grouped into two buckets.  First, Plaintiffs point the Court to cases where Ms. Caldwell was given a rate of $350 per hour and Mr. Fendley was given a rate of $250 per hour (and to other cases where other similarly situated attorneys were given comparable rates).  *See id.* at 14–16 (citing *A.W. v. Pulaski Cnty. Special Sch. Dist.*, No. 4:22-cv-00168-JM, 2023 WL 5959496, at *2 (E.D. Ark. Sep. 13, 2023) (awarding Ms. Caldwell $350 per hour and Mr. Fendley $250 per hour)); *id.* at 15–16 (citing *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist.*, No. 4:82-cv-866-DPM, 2019 WL 3408892, at *2 (E.D. Ark. July 26, 2019) (awarding $350.00 per hour to lead counsel and $300 to co-counsel for monitoring compliance with desegregation consent decree)); *id.* at 11 (citing *Knox Cnty. v. M.Q.*, No. 3:20-cv-00173-DCLC-JEM, 2022 WL 946285, at *3 (E.D. Tenn. Mar. 29, 2022), aff'd, 62 F.4th 978 (6th Cir. 2023) (awarding IDEA counsel $425 per hour)).  The cases awarding Ms. Caldwell and Mr. Fendley a higher rate

Next, the Court must evaluate Plaintiffs' claimed hours. In total, Plaintiffs claim lead attorney Theresa Caldwell reasonably expended 100.18 hours, co-counsel Clay Fendley reasonably expended 34.02 hours, and paralegal Darlene Hogancamp reasonably expended 9.35 hours.[18] The Court makes one specific reduction and one overall reduction to these claimed hours.

The specific reduction comes from an issue that the District flagged in its briefing. The District points the Court to a series of entries Ms. Caldwell billed for attending and preparing for a resolution meeting conducted under 20 U.S.C. § 1415(f)(1)(B)(i).[19] Altogether, these entries

---

are outliers. The vast majority of cases in this district award the rates the Court applies today. And the cases involving other attorneys are similarly problematic, either because they are not IDEA cases or because they represent rates for IDEA cases in jurisdictions outside of Arkansas. Recall that, in determining hourly rates, a court uses "the ordinary rate for similar work in the community where the case has been litigated." *See supra* p. 3. Thus, the Court affords little to no weight to cases that were litigated in other states or under other civil rights statutes. Second, Plaintiffs point the Court to Ms. Caldwell and Mr. Fendley's unique experience litigating IDEA cases, their past success, and the challenges inherent in litigating these cases. *See generally* Pls.' Br. in Supp. of Pls.' Mot. for Att'y Fees and Costs (Doc. 33). The Court has thoroughly considered these arguments and the evidence accompanying them. But these arguments are indistinguishable from the arguments raised on Ms. Caldwell and Mr. Fendley's behalf in many of the cases (some cited above) where courts approved the same rates the Court approves today. The bottom line is that none of Plaintiffs' arguments (whichever bucket they fall into) move the needle any more today than they did in the bulk of past cases.

[18] *See* Pls.' Mot. for Att'y Fees and Costs (Doc. 32) at 1–2. More specifically, Plaintiffs claim that (1) Ms. Caldwell reasonably expended 96 hours and 52 minutes for the administrative due process hearing and 3 hours and 19 minutes for defending the Administrative Order and seeking fees in this Court (totaling 100 hours and 11 minutes); (2) Mr. Fendley reasonably expended 7 hours and 16 minutes for the administrative due process hearing and 26 hours and 45 minutes for defending the Administrative Order and seeking fees in this Court (totaling 34 hours and 1 minute); and (3) Ms. Hogancamp reasonably expended 7 hours and 52 minutes for the administrative due process hearing, and 1 hour and 29 minutes for defending the Administrative Order and seeking fees in this Court (totaling 9 hours and 21 minutes). *See id.* The Court has converted these totals to a fraction of an hour (to two decimal places).

The Court would like to make one note about the District's Response Brief. *See* Doc. 35. The District appears to have made an inadvertent mistake on page 4 of that Brief. The District only lists the hours that Plaintiffs expended on the administrative due process hearing (omitting the hours that Plaintiffs expended litigating in this Court). *Compare id.* at 4–5 ("The number of hours expended by Plaintiffs' attorneys and paralegal, totaling approximately 111 hours, is excessive for this type of legal matter."), *with* Pls.' Mot. for Att'y Fees and Costs (Doc. 32) at 1–2 (claiming a total of 143.55 hours expended). But, on page 1 of its Brief, the District correctly lists the total amount that Plaintiffs seek in attorneys' fees. *Compare* Def.'s Br. in Supp. of Def.'s Resp. to Pls.' Mot. for Att'y Fees and Costs (Doc. 35) at 1 ("Plaintiffs seek $44,503.33 in fees for attorney and paralegal time on this matter . . . . [A] 50% to 60% reduction in the fee petition is necessary . . . ."), *with* Pls.' Mot. for Att'y Fees and Costs (Doc. 32) at 1 ("Parents respectfully request an award of attorneys' fees in the amount of $44,503.33 for the due process hearing, defending the [Hearing Officer's] decision on appeal, and seeking fees in this Court."). The Court believes that the District inadvertently excluded the hours Plaintiffs expended litigating in this Court on page 4 of its Brief. Therefore, the Court treats the District's Brief as challenging all of Plaintiffs' attorneys' fees (and not just hours expended for the administrative hearing).

[19] *See* Def.'s Br. in Supp. of Def.'s Resp. to Pls.' Mot. for Att'y Fees and Costs (Doc. 35) at 5–6.

4

total 8.90 hours.[20]    Those hours are not compensable under the IDEA.[21]    Accordingly, Ms. Caldwell's hours are reduced from 100.18 hours to 91.28 hours.

Now for the general reduction.  After an extensive review of the underlying due process hearing decision, Plaintiffs' declarations and time entries, and other IDEA cases cited in the briefing, the Court determines that an across-the-board 10% reduction in the time billed is appropriate.  The Court makes this reduction for several reasons.

---

[20] The resolution-related billing entries added together equal 8 hours and 54 minutes.  *See* Ex. C (Att'y Time Sheets and Table of Costs) to Pls.' Mot. for Att'y Fees and Costs (Doc. 32-3) at 2–3.  Consistent with footnote 18, the Court has converted this to a fraction of an hour to two decimal places.  *See supra* note 18.  All entries related to the resolution meeting occurred on either June 6, 2023, or June 13, 2023.  *See* Ex. C (Att'y Time Sheets and Table of Costs) to Pls.' Mot. for Att'y Fees and Costs (Doc. 32-3) at 2–3.  There are seven total entries of this sort: (1) 13 minutes on June 6, 2023 ("Correspondence with District Attorney re setting available date for Resolution Conference; calendar reserve date"); (2) 2 hours and 15 minutes on June 6, 2023 ("Correspondence with Parents re Resolution Conference and copy of District Records received for Parents review"); (3)  3 hours and 2 minutes on June 6, 2023 ("Send invitations for Zoom Conference and Resolution Conference; Review documents and prepare for Parent Meeting to prepare for Resolution Conference"); (4) 10 minutes on June 6, 2023 ("Correspondence from Parent confirming available Resolution Conference June 13, 2023 by Zoom"); (5) 13 minutes on June 13, 2023 ("Prepare [sic] and send Zoom link for Resolution Conference at 2:00 to Parents, District"); (6)  48 minutes on June 13, 2023 ("Parent Conference to discuss records for Resolution Conference"); and (7) 2 hours and 13 minutes on June 13, 2023 ("Prepare for Resolution Conference; Resolution Conference; wrap up discussion with Parent; Correspondence to Parent discussing options").  *Id.*

[21] The IDEA does not permit attorneys' fees "relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action . . . ."  20 U.S.C. § 1415(i)(3)(D)(ii).  And, because a resolution meeting described in "subsection (f)(1)(B)(i) [is] not . . . considered . . . a meeting convened as a result of an administrative hearing or judicial action[,]" a resolution meeting is not compensable.  *See* 20 U.S.C. § 1415(i)(3)(D)(ii)–(iii); *id.* § 1415(f)(1)(B).  *See also Jacksonville N. Pulaski Sch. Dist.*, 2021 U.S. Dist. LEXIS 256673, at *5–6 (explaining that hours Ms. Caldwell billed relating to a pre-hearing resolution session are not compensable); *Vilonia Sch. Dist. v. M.S.*, 4:18-cv-00219-KGB (E.D. Ark. June 8, 2020) (same).  The Court notes that there is an inconsistency in language between Section 1415(i)(3)(D)(ii)—which uses the phrase "convened as a result of an administrative *proceeding*"—and Section 1415(i)(3)(D)(iii) which says "convened as a result of an administrative *hearing* . . . ."  Although differences in words in the same statute normally connote a difference in meaning, the context and structure of these Sections show there is not a difference in meaning between "administrative proceeding" and "administrative hearing."  *Compare Pulsifer v. United States*, 601 U.S. 124, 149 (2024) ("In a given statute, the same term usually has the same meaning and different terms usually have different meanings." (citing Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 170–71 (2012))), *with Bondi v. VanDerStok*, 604 U.S. 458, 505 (2025) (Thomas, J., dissenting) (noting that "the presumption of consistent usage is 'particularly defeasible by context . . . .'" (quoting Scalia & Garner, *supra*, at 171)).  In the instant case, the inconsistent statutory wording is akin to a scrivener's error.  *Cf.* Scalia & Garner, *supra*, at 170 ("[M]ore than most other canons, [the presumption of consistent usage canon] . . . assumes a perfection of drafting that, as an empirical matter, is not often achieved.  Though one might wish it were otherwise, drafters more than rarely use the same word to denote different concepts, and often (out of a misplaced pursuit of stylistic elegance) use different words to denote the same concept.").

First, based on the Court's knowledge, expertise, and experience concerning the time required to complete various legal tasks, the Court is confident that several tasks could have (and should have) been done in less time.[22]  Second, the Court has noticed a fair amount of block billing that makes it difficult to evaluate how long it actually took Plaintiffs' attorneys to complete each billed legal task.[23]  Third, the length of time spent on the administrative hearing (and the corresponding preparation time) could have been trimmed down.[24]  The facts in the hearing were

---

[22] The Court acknowledges that there are fewer problematic billing entries in this case than it has seen in other cases litigated by Plaintiffs' attorneys.  But, nonetheless, there are still a smattering of entries that demand the Court's attention.  The Court will share just two for illustrative purposes.  First, on August 26, 2024, Mr. Fendley billed 59 minutes for the following: "Combined [administrative] record into single file and converted to searchable text."  Ex. C (Att'y Time Sheets and Table of Costs) to Pls.' Mot. for Att'y Fees and Costs (Doc. 32-3) at 8.  Taking nearly an hour to create a combined file and convert that file to searchable text strikes the Court as excessive.  And, more importantly, it is the type of file-management task that is better suited for a paralegal like Ms. Hogancamp.  *See Terra Renewal, LLC v. McCarthy*, No. 4:11-cv-00653-BRW, 2012 WL 3201329, at *1 (E.D. Ark. Aug. 3, 2012) (reducing attorneys' fees where there "appear to be tasks that a paralegal or secretary could perform, such as 'work on client's file'").  Second, on May 16, 2023, Ms. Caldwell billed 1 hour and 16 minutes for drafting a contract and retainer letter.  *See* Ex. C (Att'y Time Sheets and Table of Costs) to Pls.' Mot. for Att'y Fees and Costs (Doc. 32-3) at 3.  Given the extensive number of IDEA cases that Ms. Caldwell has litigated over the course of her 30+ years practicing in this specialized field, *see* Ex. A (Decl. of Theresa Caldwell) to Pls.' Mot. for Att'y Fees and Costs (Doc. 32-1) ¶¶ 8–12, it is reasonable to expect that Ms. Caldwell would have a template contract/retainer letter on hand for IDEA cases.  Or, at the very least, that she would be able to draft these documents more quickly than 1 hour and 16 minutes.

[23] This issue is most prominent in Ms. Caldwell's time entries.  For example, on June 27, 2023, Ms. Caldwell billed 7 hours and 37 minutes for the following: "Review, select, and organize Exhibits for DPH; prepare Exhibit Binders; attend PreTrial Conference; determine witness lists and order; review exhibits and prepare for DPH."  Ex. C (Att'y Time Sheets and Table of Costs) to Pls.' Mot. for Att'y Fees and Costs (Doc. 32-3) at 2.  On June 22, 2023, Ms. Caldwell billed 4 hours and 41 minutes for the following: "Conference with expert to discuss testimony and options: research and prepare Notice of Due Process Violation and Motion for Order."  *Id.*  And, on June 21, 2023, Ms. Caldwell billed 5 hours and 29 minutes for the following: "Review documents; conference with Consultant; prepare and finalize PreTrial Disclosures."  *Id.*  Entries like these make it difficult for the Court to assess whether the time spent on each task is reasonable or excessive.  *Jacksonville N. Pulaski Sch. Dist.*, 2021 U.S. Dist. LEXIS 256673, at *7 ("[Block billing] makes it more difficult to assess the reasonableness of time spent on certain tasks.").  Accordingly, a reduction for this practice is appropriate.  *See Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 651 (8th Cir. 2022) ("[A] reduction in attorney's fees may be appropriate when recordkeeping is poor or block billing is submitted . . . ." (citing *Ryan Data Exch., Ltd. v. Graco, Inc.*, 913 F.3d 726, 736 (8th Cir. 2019))).

[24] The Court finds that five days for a hearing with nine witnesses could have been cut down.  The Court acknowledges that Plaintiffs made some effort to reduce the time billed on the due process hearing, including Ms. Caldwell's decision to not bill time for (1) some "emails and communication with [Plaintiffs] and/or District Counsel[,]" and (2) evening preparation "in advance for the next day of Hearing."  *See* Ex. A (Decl. of Theresa Caldwell) to Pls.' Mot. for Att'y Fees and Costs (Doc. 32-1) ¶ 17.  Because of those actions, the Court does not come close to accepting the District's invitation to reduce Plaintiffs' requested fees by 50% to 60%.  *See* Def.'s Br. in Supp. of Def.'s Resp. to Pls.' Mot. for Att'y Fees and Costs (Doc. 35) at 1.  However, based on its experience conducting bench trials and the administrative hearing times in other IDEA cases, the Court agrees with the District that this case should have taken much less than five days to adjudicate.  *See id.* at 4–5.

limited to a single academic year (August 17, 2022, to May 16, 2023).[25]  And although Plaintiffs explain why IDEA cases are generally complex, they do not explain why this case was especially difficult or needed to be lengthy.[26]  Without justification, it is difficult for the Court to understand why the issues in this case demanded a five-day due process hearing, especially considering that there were only nine witnesses.[27]  Accordingly, the excessive time spent on five total days of hearings (and accompanying billed hours) warrants a reduction.

Here's where that leaves us.  Theresa Caldwell's claimed 100.18 hours is first reduced to 91.28 hours because of the 8.90 hours that the Court excised from her timesheet.[28]  And, reducing that number by 10%, Ms. Caldwell can reasonably claim 82.15 hours.  Clay Fendley's originally-claimed 34.02 hours reduces by 10% to 30.62 hours.  Finally, Darlene Hogancamp's claimed 9.35 hours are cut by 10% to 8.42 hours.

Multiplying the reasonable rates set above by the newly reduced hours, leads to the following calculations:

Ms. Caldwell – 82.15 hours x $250 = $20,537.50

Mr. Fendley – 30.62 hours x $200 = $6,124.00

Ms. Hogancamp – 8.42 hours x $100 = $842.00

Added up, the lodestar is $27,503.50.  The Court is aware that the lodestar is just a starting point that "may be adjusted 'upward or downward on the basis of the results obtained.'"[29]

---

[25] *See* Ex. A (Administrative Order) to Compl. (Doc. 1) at 31.

[26] *See see* Ex. A (Decl. of Theresa Caldwell) to Pls.' Mot. for Att'y Fees and Costs (Doc. 32-1) ¶¶ 8, 12–16.

[27] *See* Compl. (Doc. 1) ¶ 10; Ex. A (Administrative Order) to Compl. (Doc. 1) at 3.

[28] *See supra* pp. 4–5.

[29] *Dean v. Bradford Ests., LLC*, No. 4:19-cv-00748-BSM, 2020 WL 8642227, at *1 (E.D. Ark. Nov. 24, 2020) (quoting *Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003)).  District courts may also consider the factors identified in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).  *See Vines*, 9 F.4th at 855.  Those factors include:

Additionally, in IDEA cases, district courts are specifically instructed to reduce attorneys' fees if (1) "the parent, or the parent's attorney . . . unreasonably protracted the final resolution of the controversy;" (2) "the amount of the attorneys' fees . . . unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience;" or (3) "the time spent and legal services furnished were excessive considering the nature of the action or proceeding . . . ."[30]   In this case, the Court believes the lodestar as calculated needs no adjustment, especially in light of the reduction of hours set out above.  To the extent either party argues otherwise, their arguments are rejected.  Accordingly, the Court awards Plaintiffs $27,503.50 in attorneys' fees.

### b.  Costs

As for costs, Plaintiffs request $760.99 for printing, binders, and a federal filing fee.[31]  The District does not specifically challenge these costs, and the Court finds them to be reasonable. Accordingly, the Court grants Plaintiffs the full $760.99 in requested costs.

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. 18).  The Court awards $27,503.50 in attorneys' fees and $760.99 in costs, for a total of $28,264.49.

---

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3 (citing *Johnson*, 488 F.2d at 717–19).

[30] 20 U.S.C. §§ 1415(i)(3)(F)(i)–(iii).

[31] *See* Ex. C (Att'y Time Sheets and Table of Costs) to Pls.' Mot. for Att'y Fees and Costs (Doc. 32-3) at 11.

IT IS SO ORDERED this 31st day of March 2026.

                                              _____

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

9